# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER DIXON,

                                Plaintiff,

         v.                                            9:19-CV-778
                                                           (LEK/ATB)

NANCY MENTER, et al.,

                                Defendants.

---

CHRISTOPHER DIXON, Plaintiff, pro se
BRIDGET M. TALERICO, ESQ., for the County Defendants
JONATHAN E. SYMER, ESQ., for Defendants Nancy Menter and Robert Rocker
JOHN W. VANDENBURGH, ESQ., for Defendant Lynwood Bennerson

ANDREW T. BAXTER
United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, Senior United States District Judge. Plaintiff brought this civil rights action asserting various constitutional claims arising from his confinement as a pretrial detainee at Oneida County Correctional Facility ("OCCF"), and while he was a convicted prisoner in the custody of the New York State Department of Corrections and Community Supervision at Elmira Correctional Facility ("Elmira") and Attica Correctional Facility ("Attica"). (Second Amended Complaint ("SAC")) (Dkt. No. 41).

Plaintiff has filed what the court construes as a motion for (1) an entry of default and (2) default judgment, pursuant to Fed. R. Civ. P. 55.[1] (Dkt. No. 54). Defendants,

---

[1] Plaintiff purports to bring the instant motion seeking "summary judgment pursuant to" Fed. R. Civ. P. 4 (summons), Fed. R. Civ. P. 55 (default judgment), Fed. R. Civ. P. 56 (summary judgment), and Fed. R. Civ. P. 12(c) (judgment on the pleadings). Upon review of plaintiff's

other than defendants Bennerson and Rocker, have responded in opposition to the motion.[2]  (Dkt. Nos. 57, 58).  For the reasons set forth below, this court recommends denying plaintiff's motion in its entirety.

## I.     Procedural History

On July 1, 2019, plaintiff commenced this action by filing a pro se complaint pursuant to 42 U.S.C. § 1983.  (Dkt. No. 1).  At the same time, plaintiff filed a motion to proceed in forma pauperis ("IFP").  (Dkt. No. 2).  Plaintiff's motion for IFP was initially denied as incomplete, and the action was administratively closed. (Dkt. No. 5).  Plaintiff subsequently refiled his motion for IFP, and the matter was reopened.  (Dkt. Nos. 6-8).  On October 21, 2019, Judge Kahn issued an order in which he granted plaintiff's motion for IFP, dismissed various claims without prejudice, and ordered that a response to those surviving claims be filed by the remaining named defendants, upon service of process.  (Dkt. No. 11).

The original complaint was never served on any of the named defendants.  (*See* Dkt. Nos. 12, 14, 15).  Instead, plaintiff filed an amended complaint ("AC") on January 15, 2020.  (Dkt. No. 17).  On April 14, 2020, Judge Kahn issued an order accepting the AC as the operative pleading, as modified by his decision and order.  (Dkt. No. 24).  In particular, Judge Kahn found that the following § 1983 claims survived initial review and required a response from the defendants: (1) Fourteenth Amendment medical

---

papers, however, it is clear that he is seeking relief in the form of default judgment against the defendants, for their alleged failure to timely appear in this action.  (Dkt. No. 54 at 1-5). Accordingly, and considering plaintiff's pro se status, the court will address plaintiff's submission as a motion for both an entry of default and default judgment.

[2]  It is not clear whether service had been effected on defendants Bennerson and Rocker at the time plaintiff filed the instant motion.  (*See* Dkt. Nos. 51, 54).

indifference claims against Menter, John Doe Dentist, and Nurse Rob Doe; (2) Fourteenth Amendment excessive force claims against Barnes, Scholfield, Hilt, Iffert, Patrick, Marconi, Lewis, Sack, Sweeny, and Prosser, along with a failure-to-intervene claim against Broccoli; (3) First Amendment retaliation claims against Kahler, Barnes, Hilt, and Scholfield; and (4) denial of the right to a fair trial claims against Kahler, Barnes, Hilt, and Scholfield. (*Id.*). Judge Kahn directed plaintiff to deliver the necessary documents to the clerk of the court for service of the summons and AC on the defendants by the U.S. Marshals. (*Id.*).

On May 13, 2020, summonses were issued to the aforementioned named defendants, with the exception of John Doe Dentist and Nurse Rob Doe.[3] (Dkt. No. 27). According to the receipts filed by plaintiff with the instant motion, service was accepted by attorney Bridget Talerico on behalf of defendants Iffert, Hilts, Scholfield, Barnes, Lewis, Sack, Patrick, Marconi, Prosser, and Broccoli on June 16, 2020. (Dkt. No. 54 at 24-33). The U.S. Marshals notified plaintiff that service had not been completed on defendants Sweeny, Kahler, or Menter. (*Id.* at 20). On July 15, 2020, Ms. Talerico filed an answer to the AC on behalf of those defendants for whom she had accepted service, in addition to defendant Sweeny. (Dkt. No. 36).

On July 20, 2020, plaintiff filed the SAC. (Dkt. No. 41). The SAC identified defendant "John Doe Dentist" as Lynwood Bennerson, and defendant "Nurse Rob Doe" as Robert Rocker. (*Id.*). Otherwise, the factual assertions set forth in the SAC are

---

[3]In his decision and order on initial review of the AC, Judge Kahn directed the Oneida County Attorney's Office to produce information regarding the identity of John Doe Dentist and Rob Doe. (Dkt. No. 24). This information was provided via letter from attorney Jonathan Symer on June 15, 2020. (Dkt. No. 29).

virtually identical to those set forth in the AC. (*Compare* AC *with* SAC). On August 4, 2020, Ms. Talerico filed an answer to the SAC[4] on behalf of defendants Iffert, Barnes, Scholfield, Hilts, Broccoli, Kahler, Prosser, Marconi, Patrick, Sack, Lewis, and Sweeny. (Dkt. No. 45). On August 7, 2020, Mr. Symer filed an answer to the SAC on behalf of defendant Menter. (Dkt. No. 46).

On August 17, 2020, Judge Kahn issued an order accepting the SAC for filing and as the operative pleading, as modified by his decision and order. (Dkt. No. 50). Judge Kahn also addressed the outstanding service of process issue with respect to defendants Menter, Sweeny, and Kahler. (*Id.* at 4). Specifically, Judge Kahn ruled that in filing an answer to the SAC that did not contain the affirmative defense of insufficient service of process (*See* Dkt. Nos. 45, 46), defendants Menter, Sweeny, and Kahler had effectively acknowledged adequate service, and no further efforts to serve these defendants was necessary. (Dkt. No. 50 at 4). Accordingly, the clerk was ordered to issue summonses and the SAC to the U.S. Marshals for service on defendants Bennerson and Rocker. (*Id.* at 5). These summonses were issued on August 21, 2020. (Dkt. No. 51).

Five days later, plaintiff filed the instant motion. (Dkt. No. 54). During the pendency of plaintiff's motion, defendant Rocker filed an answer to the SAC on October 19, 2020. (Dkt. No. 62).

---

[4]Counsel improperly identified this document as an "Amended Answer," however the body of the pleading makes clear that it is intended to constitute an answer to the SAC. (Dkt. No. 45).

## II.    Discussion

Plaintiff's moving papers do not identify a particular defendant or defendants against whom he his seeking entry of default and default judgment.  He merely refers to those "defendants" who acknowledged that they were served by the U.S. Marshals on May 5, 2020.[5]  (Dkt. No. 54 at 2).  According to the plaintiff, these "defendants" filed "an illegal answer" on August 4, 2020.  (*Id.* at 3).  Notwithstanding its ambiguity, plaintiff's motion should be denied as the record reflects that none of the defendants are in default.

"Rule 55 [of the Federal Rules of Civil Procedure] provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Rule 55(b) "provides that when a party moves for judgment against an adverse party who has failed to answer or otherwise appear in the action, the court may enter judgment against the defaulting party." *Abreu v. Travers*, No. 9:15-CV-540 (MAD/ATB), 2017 WL 11539553, at *1 (N.D.N.Y. Sept. 7, 2017) (citing inter alia Fed. R. Civ. P. 55(b)). "That

---

[5]The court cannot determine from where plaintiff has ascertained this date.  Plaintiff in his affidavit cites to an Exhibit "A," however the papers attached to his motion are not labeled in any particular fashion. (*See* Dkt. No. 54 at 2).  As previously discussed, several of the defendants acknowledged service through their counsel on June 16, 2020.  (*Id.* at 24-33).  Moreover, the letter from the U.S. Marshals indicating that service was not effected on defendants Sweeny, Kahler or Menter is dated May *15*, 2020.  (*Id.* at 20).

rule, in tandem with the Northern District of New York Local Rule 55.2, sets forth certain procedural prerequisites that must be met before a default judgment may be entered[.]" *Id.* (quoting *Pert 35, Inc. v. Amari Aviation Ltd.*, No. 09-CV-0448 (TJM/DEP), 2010 WL 1257949, at \*3 (N.D.N.Y. Mar. 5, 2010) (citations omitted)). More specifically, in order to grant a plaintiff's motion for default judgment, the plaintiff must satisfy the following requirements: "1) show that the defendant was properly served with a summons and complaint; 2) obtain the entry of default; and 3) provide an affidavit setting forth the salient facts including, if the defendant is a person, showing that he or she is not an infant or incompetent, or a member of the United States Military Service." *Id.* (citing inter alia Fed. R. Civ. P. 55(b)(2); N.Y.N.D. L.R. 55.1 and 55.2) (other citation omitted)).

In order to obtain a certificate of entry of default from the court clerk, a prerequisite to default judgment, the moving party must show that (1) the party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person; (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action as provided in the Federal Rules of Civil Procedure; and (3) it has properly served the pleading to which the opposing party has not responded.  N.D.N.Y. L.R. 55.1.

Based on the aforementioned, it is clear that plaintiff is not entitled to an entry of default, or default judgment, against any of the named defendants at this juncture.  Once plaintiff's SAC was accepted for filing on August 17, 2020, it became the operative pleading.  *See Dluhos v. Floating & Abandoned Vessel*, 162 F.3d 63, 68 (2d Cir. 1998) ("[I]t is well established that an amended complaint ordinarily supersedes the original,

6

and renders it of no legal effect.") (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)).  Thirteen of the fifteen named defendants – Barnes, Scholfield, Hilt, Iffert, Patrick, Marconi, Lewis, Sack, Sweeny, Prosser, Broccoli, Kahler and Menter – filed an answer to the SAC (Dkt. Nos. 45, 46) within three weeks after it was filed, prior to Judge Kahn's decision and order formally accepting the SAC as the operative pleading. (Dkt. No. 50).  Accordingly, these thirteen defendants have not failed to defend in this action as would be necessary for the plaintiff to obtain an entry of default.  Default judgment is also not warranted under these circumstances, and in the absence of an entry of default.

Nor is plaintiff entitled to an entry of default against the remaining two named defendants, Bennerson and Rocker.  In order to obtain an entry of default under Fed. R. Civ. P. 55(a) and this District's Local Rules, plaintiff must show that the defendant was properly served with process.  Plaintiff filed the instant motion a mere five days after summonses were issued to defendants Bennerson and Rocker.  (*See* Dkt. Nos. 51, 54).  Plaintiff has not provide this court with any evidence of when, if ever, service was effected on either defendant.  Moreover, defendant Rocker has since filed an answer to the SAC on October 19, 2020.  (Dkt. No. 62).  Accordingly, plaintiff's request for an entry of default, and default judgment, should be denied as against defendants Bennerson and Rocker.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's motion (Dkt. No. 54) be **DENIED** in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have

fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: October 21, 2020

Andrew T. Baxter
U.S. Magistrate Judge