UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER DIXON,

                Plaintiff,

    -against-                                    9:19-CV-0778 (LEK/ATB)

NANCY MENTER, *et al.*,

                Defendants.
_____

## DECISION AND ORDER

### I.  INTRODUCTION

On July 1, 2019, Plaintiff Christopher Dixon commenced this action pro se by filing a complaint, in which he asserted claims pursuant to 42 U.S.C. § 1983. Dkt. No. 1 ("Complaint"). At this time, Plaintiff's second amended complaint is the operative pleading. Dkt. Nos. 42 ("Second Amended Complaint"); 50 ("August 17, 2020 Order") (accepting the Second Amended Complaint as the operative pleading). On August 26, 2020, Plaintiff filed the instant motion, which the Honorable Andrew T. Baxter, U.S. Magistrate Judge, construed as a motion for default judgment pursuant to Federal Rule of Civil Procedure 55. Dkt. Nos. 54 ("Motion"); 64 ("Report-Recommendation"). On October 21, 2020, Magistrate Judge Baxter recommended that Plaintiff's Motion be denied. See R. & R. at 7. For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

### II.  BACKGROUND

The facts and procedural history of this case are detailed in prior orders, familiarity with which is assumed. See Dkt. Nos. 11, 24; August 17, 2020 Order; R. & R. On August 26, 2020, Plaintiff filed a motion for default judgment, which Magistrate Judge Baxter recommended be

denied in its entirety. See Mot.; R. & R. at 7. Neither party has filed objections. Docket.

### III.   STANDARDS OF REVIEW

#### A.   Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

#### B.   Default Judgment

"Rule 55 [of the Federal Rules of Civil Procedure] provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) (citing New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005)). Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(b) "provides that when a party moves for judgment against an adverse

party who has failed to answer or otherwise appear in the action, the court may enter judgment against the defaulting party." Abreu v. Travers, No. 15-CV-540, 2017 WL11539553, at *1 (N.D.N.Y. Sept. 7, 2017) (citing, *inter alia*, Fed. R. Civ. P. 55(b)). "That rule, in tandem with the Northern District of New York Local Rule 55.2, sets forth certain procedural prerequisites that must be met before a default judgment may be entered[.]" Id. (quoting Pert 35, Inc. v. Amari Aviation Ltd., No. 09-CV-448, 2010 WL 1257949, at *3 (N.D.N.Y. Mar. 5, 2010) (internal citations omitted)). More specifically, in order to obtain default judgment, the plaintiff must satisfy the following requirements: "1) show that the defendant was properly served with a summons and complaint; 2) obtain the entry of default; and 3) provide an affidavit setting forth the salient facts including, if the defendant is a person, showing that he or she is not an infant or incompetent, or a member of the United States Military Service." Id. (citing, *inter alia*, Fed. R. Civ. P. 55(b)(2); N.D.N.Y. L.R. 55.1, 55.2) (other citations omitted)). In order to obtain a certificate of entry of default from the court clerk, a prerequisite to default judgment, the moving party must show that (1) the party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person; (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action as provided in the Federal Rules of Civil Procedure; and (3) it has properly served the pleading to which the opposing party has not responded. N.D.N.Y. L.R. 55.1.

**IV.    DISCUSSION**

As neither party has filed objections, the Court reviews the Report-Recommendation for clear error and finds none.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 64) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Motion for Default Judgment (Dkt. No 54) is **DENIED**; and it is further,

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   January12, 2021
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge